### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSE MILTON BAUTISTA ESCAMILLA<br>1430 Tuckerman St NW, Apt. 103<br>Washington, DC 20011 | * * * * | |
| PLAINTIFF, | * * | |
| v. | * * | CASE NO.: |
| DAVID NUYEN<br>D/B/A USA HOME CHAMPION REALTY<br>D/B/A OPMAX<br>2021 Sandstone Court<br>Silver Spring, Maryland 20904 | * * * * * * | |
| And | * * | |
| USA HOME CHAMPION REALTY, INC.<br>1125 12th Street, NW<br>Suite 001<br>Washington, DC 20005 | * * * * * * | |
| SERVE:     Sung Dang<br>            1125 12th Street, NW<br>            Suite 001<br>            Washington, DC 20005 | * * * * * | |
| And | * * | |
| OPMAX MANAGEMENT, LLC<br>933 L Street, NW<br>Suite 101<br>Washington, DC 20001 | * * * * * | |
| SERVE:     Sung Dang<br>            933 L Street, NW<br>            Suite 101<br>            Washington, DC 20001 | * * * * * | |
| And | * * | |
| OPMAX, LLC<br>906 Gallatin Street, NW | * * | |

Suite 104                                              *
Washington, DC 20011                                   *
                                                       *
        SERVE:      Sung Dang                          *
                    906 Gallatin Street, NW            *
                    Suite 104                          *
                    Washington, DC 20011               *
                                                       *
        DEFENDANTS                                     *
**********************************************************************

## COMPLAINT

Plaintiff Jose Milton Bautista Escamilla ("Plaintiff"), by and through undersigned

counsel, hereby submits his Complaint against Defendants David Nuyen d/b/a USA Home

Champion Realty and d/b/a Opmax ("Nuyen"), USA Home Champion Realty, Inc. ("HCR"),

Opmax Management, LLC ("OM"), and Opmax, LLC ("Opmax") (collectively, "Defendants")

to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§§ 201 *et seq.* ("FLSA") and for damages under the D.C. Minimum Wage Act Revision Act of

1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the District of Columbia who, at all times relevant,

performed all work duties for Defendants in the District of Columbia.

2.      By acting as the named Plaintiff in this action, Plaintiff affirms his consent to

participate as a Plaintiff in an action under the FLSA and DCMWA.

3.      HCR is a corporation formed under the laws of the District of Columbia with its

principal place of business in the District of Columbia.

4.      OM is a limited liability company formed under the laws of the District of

Columbia with its principal place of business located in the District of Columbia.

5.      Opmax is a limited liability company formed under the laws of the District of

2

Columbia with its principal place of business located in the District of Columbia.

6.      At various times during the course of Plaintiff's employment period, HCR, OM, and Opmax operated several multi-family residential rental properties in Washington, D.C. where Plaintiff was employed to perform property maintenance and related work duties.

7.      HCR, OM, and Opmax were, during various times during Plaintiff's employment, Plaintiff's "joint employers" or Plaintiff's "enterprise employer."

8.      At all times relevant, HCR, OM, and Opmax shared common management, ownership, and financial control in their operation of the multi-family residential rental properties in Washington, D.C. where Plaintiff worked.

9.      In HCR, OM, and Opmax's operation of the multi-family residential rental properties in Washington, D.C., HCR, OM, and Opmax employed a common and consistent group of employees including, but not limited to, Plaintiff.

10.     At all times during Plaintiff's employment period, Nuyen was the President and primary owner of HCR, OM, Opmax, and each of the multi-family residential rental properties in Washington, D.C. where Plaintiff performed work duties.

11.     At all times during the period of Plaintiff's employment, Nuyen had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

12.     At all times during the period of Plaintiff's employment, Nuyen supervised Plaintiff's work duties to ensure Plaintiff's work was of sufficient quality.

13.     At all times during the period of Plaintiff's employment, Nuyen set and controlled Plaintiff's work schedule.

14.     At all times during the period of Plaintiff's employment, Nuyen set and determined Plaintiff's rate and method of pay.

15.     At all times during the period of Plaintiff's employment, Nuyen maintained what few employment records exist relating to Plaintiff or caused such records to be maintained.

16.     At all times during the period of Plaintiff's employment, Nuyen controlled, and was in charge of, the day-to-day operations of HCR, OM, Opmax and each of the multi-family residential rental properties in Washington, D.C. where Plaintiff performed work duties.

17.     At all times during Plaintiff's employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

18.     Each year during Plaintiff's employment, Defendants' gross revenue exceeded $500,000.00.

19.     Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

20.     At all times during Plaintiff's employment with Defendants, each Plaintiff was an individual employee who, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.     Pursuant to the foregoing, at all times, all four (4) Defendants were Plaintiff's "employers," "joint employer," and "enterprise employer" for purposes of the FLSA and DCMWA.

22.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28

4

U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## EQUITABLE TOLLING

23.     At all times during the course of Plaintiff's employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the Federal or District of Columbia overtime compensation requirement.

24.     At all times during the course of Plaintiff's employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of any enforcement remedies available to employees who are not paid by employers as required by Federal or District of Columbia Law, including notification that the Department of Labor may recover back wages on behalf of employees or that underpaid employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages in violation of Federal and District of Columbia Law.

25.     At all times during the course of Plaintiff's employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the fact that Federal and District of Columbia Law prohibits discriminating against, retaliating against, or discharging workers who file a Complaint or participate in any proceeding to recover unpaid or underpaid wages under Federal or District of Columbia Law.

26.     At all times during Plaintiff's employment, Defendants explicitly advised Plaintiff that Plaintiff was not entitled to be paid for overtime hours worked each week in excess of forty (40) at the Federally and District of Columbia required overtime pay rate of one-and-one-half

5

(1½) times their regular rate of pay.

27.     In consideration of the foregoing, it is proper to toll Plaintiff's Federal and

District of Columbia overtime claims to include the entirety of each Plaintiff's employment with

Defendants.

## FACTS

28.     Plaintiff was employed by Defendants from approximately March 2008 through

about January 2013 (approximately 253 weeks).

29.     At all times during Plaintiff's employment, Plaintiff regularly and customarily

worked approximately sixty-six (66) hours per week.

30.     At all times during Plaintiff's employment, Defendants paid Plaintiff at his

regular rate of pay in the amount of $10.00 per hour for all hours worked each week including

overtime hours worked each week in excess of forty (40).

31.     At no time did Defendants ever pay Plaintiff his "half time" premium in the

amount of $5.00 per hour extra for overtime hours worked each week in excess of forty (40).

32.     Each week that Bautista worked, Defendants owe Plaintiff unpaid overtime wages

in the amount of $130.00 ($5.00 per week "half time" owed per overtime hour * 26 overtime

hours per week = $130.00).

33.     Defendants owe Bautista overtime wages in the amount of approximately

$32,890.00 ($130.00 per week * 253 weeks = $32,890.00).

34.     At all times during Plaintiff's employment, Defendants had knowledge of all

hours Plaintiff worked and suffered or permitted Plaintiff to work all hours alleged.

35.     At no time during Plaintiff's employment with Defendants did Plaintiff perform

work duties that would make them exempt from the overtime compensation requirement of the

FLSA or DCMWA.

36.    Defendants' failure to pay Plaintiff overtime wages as required by Federal Law and District of Columbia Law was not the product of good faith.

37.    Defendants had no reasonable grounds for believing their failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

38.    Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages.  As such, in addition to his unpaid overtime wages, each Plaintiff is entitled to liquidated damages in an equal amount to his unpaid overtime wages under the FLSA and DCMWA..

39.    The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendants to the successful Plaintiff(s).  As such, the FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).  In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory.  *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

40.    "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433.

41.    The product of a reasonable number of hours times à reasonable hourly rate is known as the "lodestar". *Id.* at 434.

42.     In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

43.     In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendants, of his attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

44.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-43 above, as if each were set forth herein.

45.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

46.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all four (4) Defendants were Plaintiff's "employers," "joint employers" or "enterprise employer" under FLSA, 29 U.S.C. § 207(a)(2).

47.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

48.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week in excess of forty (40).

49.     As set forth above, Defendants failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

50.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

51.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-50 above, as if each were set forth herein.

52.     Plaintiff was Defendants' "employee," and all four (4) Defendants were Plaintiff's "employers," "joint employer," or "enterprise employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

53.     Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

54.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week in excess of forty (40).

55.     As set forth above, Defendants failed and refused to compensate Plaintiff properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

56.     Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*