## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JOSE MILTON BAUTISTA ESCAMILLA,**

      **Plaintiff,**

                                     **Case No:1:14-cv-00852-JEB**

    **v.**

**DAVID NUYEN, et al.,**

      **Defendants.**

### NOTICE OF APPEARANCE

    Attorney, Daniel Wemhoff, enters his appearance on behalf of the Defendants in this case and Answers the Complaint and files Affirmative Defenses.

Dated: November 15, 2014

                          Respectfully submitted,

                          Daniel Wemhoff, Bar No. 420233
                          4600 S. Four Mile Run #831
                          Arlington, VA 22204
                          (703) 589-2199
                          e-mail:danwem@yahoo.com

### CERTIFICATE OF SERVICE

    I hereby certify that I have file through EFC the Notice of Appearance to opposing counsel in this case at the time of filing the Answers and Affirmative Defenses to the Plaintiff's Complaint.

                          Daniel Wemhoff

## UNITED STATES DISTRICTCOURT
## FOR THE DISTRICT OF COLUMBIA

**JOSE MILTON BAUTISTA ESCAMILLA,**

      **Plaintiff,**

    **v.**

                           **Case No: 1:14-cv-00852-JEB**

**DAVID NUYEN**
**D/B/A USA HOME CHAMPION REALTY**
**D/B/A OPMAX**
**USA HOME CHAMPION REALTY, INC.**
**OPMAX MANAGEMENT, LLC**
**OPMAX, LLC.,**

      **Defendants.**

## <u>ANSWERS AND AFFIRMATIVE DEFENSES</u>

The named Defendants in the Complaint file their Answers and Affirmative

Defenses;

1. Admit;
2. Defendants are without sufficient information or belief to admit or deny the allegations made;
3. Admits;
4. Admits;
5. Admits;
6. Admits;
7. Admits, except as to the term "employer(s)" used in a legal context, which is denied;
8. Admits;
9. Admits, except as to the term "employer(s)" used in a legal context, which is denied;
10. Denies, as to the term "employment" in the legal context of the term, but Admits that David Nuyen was at times "President" and "primary owner" of HCR, OM, Opmax, and Admits being the owner of each of the "multi-family residential rental properties in Washington, D.C. where the plaintiff worked;
11. Denies that the Plaintiff was "employed" in the legal context of the term; Denies that Nuyen had the power to hire, fire, suspend and otherwise discipline

1

Plaintiff;

12. Denies that the Plaintiff was "employed" in the legal context of the term;

Denies that "Nuyen supervised Plaintiff's work duties…";

13. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies that "Nuyen set and controlled Plaintiff's work schedule."

14. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies that "Nuyen set and determined Plaintiff's rate and method of pay."

15. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies that "Nuyen maintained what few employment records exist relating to
Plaintiff or caused such records to be maintained."

16. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies that "Nuyen controlled, and was in charge of the day-to-day operations …
as stated;

17. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies "Defendants were engaged in commerce or in the production of goods for
Commerce within the meaning of Section 3(s)(1) of the FLSA (29 U.S.C. Section
203(s)(1);

18. Denies that the Plaintiff was "employed" in the legal context of the term;
Admits that "Defendants' gross revenue exceeded $500,000";

19. No. 19 calls for a legal opinion which Defendants are not qualified to give;

20. Denies that the Plaintiff was "employed" in the legal context of the term; Denies
the remainder of No. 20;

21. Denies;

22. Denies; and calls for a legal opinion which defendants are not qualified to give;

## EQUITABLE TOLLING

23. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies the remainder of No. 23;

24. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies the remainder of No. 24;

25. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies the remainder of No. 25;

26. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies the remainder of No. 26;

27. Denies that the Plaintiff was "employed" in the legal context of the term;
Remainder of No. 27 calls for a legal opinion which Defendants are not
qualified to make;

## FACTS

28. Denies that the Plaintiff was "employed" in the legal context of the term;
Defendants are without sufficient information or belief to admit or deny the
allegations in No. 28

29. Denies that the Plaintiff was "employed" in the legal context of the term;

Denies the remainder of No. 29;
30. Denies that Plaintiff was "employed" in the legal context of the term;
Denies the remainder of No. 30;
31. Denies;
32. Denies;
33. Denies;
34. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies the remainder of No. 34;
35. Denies that the Plaintiff was "employed" in the legal context of the term;
Denies;
36. Denies;
37. Denies and calls for a legal opinion which Defendants are not qualified to make;
38. No. 38 calls for a legal opinion which Defendants are not qualified to make;
39. No. 39 calls for a legal opinion which Defendants are not qualified to make;
40. No. 40 calls for a legal opinion which Defendants are not qualified to make;
41. No. 41 calls for a legal opinion which Defendants are not qualified to make;
42. No. 42 calls for a legal opinion which Defendants are not qualified to make;
43. No. 43 calls for a legal opinion which Defendants are not qualified to make;

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

44. Defendants stand on their Responses to each and every allegation set forth in
Paragraphs 1-43;
45. No. 45 Calls for a legal opinion which Defendants are not qualified to make;
46. Denies that the Plaintiff was "employed" in the legal context of the term; No. 46
Calls for a legal opinion which Defendants are not qualified to make;
47. Denies that the Plaintiff was "employed" in the legal context of the term; No. 47
calls for a legal opinion which Defendants are not qualified to make:
48. Denies that the Plaintiff was "employed" in the legal context of the term; Denies
the remainder of No. 48;
49. Denies; No. 49 calls for a legal opinion which Defendants are not qualified to make;
50. Denies. No. 50 calls for a legal opinion which Defendants are not qualified to make;

### COUNT II
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**

51. Defendants stand on their Responses to each and every allegations set forth in
Paragraphs 1-50;
52. Denies that Plaintiff was "employed" in the legal context of the term. No. 52
calls for a legal opinion which Defendants are not qualified to make;

53. Denies that the Plaintiff was "employed" in the legal context of the term; Denies the remainder of No. 53;
54. Denies that the Plaintiff was "employed" in the legal context of the term; Denies the remainder of No. 54;
55. Denies;
56. Denies;

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Subject Matter Jurisdiction

1. The Court lacks Subject Matter Jurisdiction based on the interstate commerce allegations made.

### SECOND AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action

2. Plaintiff's Complaint fails to state a Cause of Action.

### THIRD AFFIRMATIVE DEFENSE
### Release

3. Plaintiff's quality of performance, or lack thereof has Released all claims that are alleged.

### FOURTH AFFIRMATIVE DEFENSE
### Payment

4. Plaintiff has been paid in full for his performance, or lack thereof.

### FIFTH AFFIRMATIVE DEFENSE
### Statute of Limitations

5. Plaintiff's claims are barred by the Statute of Limitations and there has been no tolling.

### SIXTH AFFIRMATIVE DEFENSE
### Laches

6. Plaintiff's claims are equitably barred through Laches.

### SEVENTH AFFIRMATIVE DEFENSE
### Accord and Satisfaction

4

7. Plaintiff has been paid in full for his quality of performance, or lack of it.

## EIGHTH AFFIRMATIVE DEFENSE
Standing

8. Plaintiff has no Standing under the federal and local statutes alleged to base a claim.

Respectfully submitted,

Daniel Wemhoff, Bar No. 420233
On Behalf of Defendants
4600 S. Four Mile Run #831
Arlington, VA 22204
(703) 589-2199
**e-mail: danwem@yahoo.com**

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the Defendants' Answers and Affirmative Defenses through  EFC to Plaintiff's Attorney, Gregg C. Greenberg, at Zipin, Amster & Greenberg, LLC, on this date, the 15th of November, 2014.

Daniel Wemhoff

5