UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE MILTON BAUTISTA ESCAMILLA,          *
                                          *
          PLAINTIFF,                      *
                                          *
v.                                        *    Case No.: 14-cv-00852-AK
                                          *
DAVID NUYEN, *et al.*,                     *
                                          *
          DEFENDANTS.                     *
*******************************************************************

## MEMORANDUM OPINION

The parties consented to assigning this matter to a United States Magistrate Judge. (Meet and Confer [9] at 2). This case was reassigned to the undersigned for all purposes pursuant to Local Civil Rule 73.1(a). (Order of Referral [11]; Referral to Magistrate Judge [12]). Pending before the Court is Plaintiff's Motion and Memorandum to Compel Discovery ("Motion") [15]; Defendant David Nuyen's Response to the Motion ("Response") [16] and Plaintiff's Reply to the Response ("Reply") [17]. On June 22, 2015, this Court held a hearing on the Motion. (June 22, 2015 Minute Entry). For the reasons set forth in this Memorandum Opinion, the Court grants in part and denies in part Plaintiff's Motion and Memorandum to Compel Discovery.

## I.   BACKGROUND

The underlying suit involves allegations of failure to pay overtime wages under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (2012) and the D.C. Minimum Wage Act of 1992, D.C. Code §§ 32-1001, *et seq.* (2015). (Compl. [1] 1). Jose Milton Bautista Escamilla ("Plaintiff") alleges that he was an employee of David Nuyen d/b/a USA Home Champion Realty and d/b/a Opmax ("Mr. Nuyen"), USA Home Champion Realty, Inc. ("HCR"), Opmax Management, LLC ("OM"), and Opmax, LLC ("Opmax") (collectively, "Defendants").

- 1 -

(Compl. 1). Defendants deny Plaintiff was "'employed' in the legal context of the term." (Answer [7] ¶¶ 10-18, 20, 23-30, 34-35, 46-48, 52-54). Mr. Nuyen was President and primary owner of Opmax, OM, HCR, and the multi-family Presidential rental properties that Opmax, OM, and HCR operated in Washington, D.C. (Compl. ¶¶ 6, 10; Answer ¶¶ 6, 10). Plaintiff performed property maintenance and related work duties at these properties. (Compl. ¶ 6; Answer ¶ 6).

Plaintiff contends he was employed by Defendants from about March 2008 through January 2013. (Compl. ¶ 28). During this time, Plaintiff regularly worked about sixty-six hours per week. (Compl. ¶ 29). Plaintiff was paid his regular rate of $10.00 for all of the hours he worked instead of receiving the "half time" premium of $5.00 extra per hour worked overtime. (Compl. ¶¶ 30-31). Plaintiff argues Defendants owe him unpaid overtime wages of $130.00 per week, totaling about $32,890.00. (Compl. ¶¶ 32-33). Defendants deny these allegations, arguing that Plaintiff has been fully paid for his performance and that Plaintiff was an independent contractor. (Answer ¶¶ 22-32, Fourth Affirmative Defense; Answer to Pl.'s First Set of Interrogs. ("Answer to Plaintiff's Interrogatories") [15-3] at 3; Decl. of Sung Dang [16] at 3[1]). Pursuant to Fed. R. Civ. P. 14(a), Defendants have impleaded Mr. Dang on the basis that he "acted as an independent contractor for the Defendants in the hiring, per diem and firing" of Plaintiff. (Def.'s Corrected Mot. to Implead Third Party Def. [14] at 1; February 13, 2015 Minute Order; Decl. of Sung Dang at 3).

The instant Motion concerns Mr. Nuyen's responses to interrogatories and requests for production of documents that Plaintiff propounded to Defendants on January 2, 2015. (Pl.'s First Set of Reqs. for Produc. of Docs. to Defs. ("Plaintiff's Requests") [15-2] 1-7; Pl.'s First Set of Interrogs. to Defs. ("Plaintiff's Interrogatories") [15-2] 8-15). Discovery responses were due

---

[1] Sung Dang ("Mr. Dang") claims that he is one of Mr. Nuyen's general contractors. (Decl. of Sung Dang at 3). Mr. Dang hires his own subcontractors to perform construction and maintenance work on Mr. Nuyen's properties. (Id.). Plaintiff was "in and out of [Mr. Dang's] contracting works relating to carpentry and painting from year 2008 to year 2013." (Id.)

February 4, 2015. *See* Fed. R. Civ. P. 6(d), 33(b)(4), 34(b)(2)(A). Mr. Nuyen's undated answers to Plaintiff's Interrogatories did not contain objections. Mr. Nuyen untimely produced "sparse documentation" at his deposition on March 24, 2015, approximately two months after the deadline for his responses. (Motion at 6; Response at 1). About two months later, Plaintiff filed the instant Motion on May 26, 2015, seeking a court order to resolve the discovery issues and an award of attorney's fees[2] reasonably incurred in preparation of the Motion. (Motion at 1-6).

First, Plaintiff contests Mr. Nuyen's Answer to Plaintiff's Interrogatories. (Motion at 1-5). Plaintiff argues Mr. Nuyen's responses to Interrogatory Nos. 2, 3, 4, 9, 10, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22 are incomplete. (*Id.*). Because Mr. Nuyen failed to timely object to Plaintiff's Interrogatories, Plaintiff asserts that Mr. Nuyen waived his right to object. (*Id.* at 1). Plaintiff also contends Mr. Nuyen failed to comply with Fed. R. Civ. P. 33(b)(5) because he did not sign his Answer to Plaintiff's Interrogatories. (*Id.* at 2, 5). Accordingly, Plaintiff requests that this Court order Mr. Nuyen to "immediately provide sufficient responses" to the fifteen contested interrogatories. (*Id.* at 1-5). Opposing the Motion, Mr. Nuyen argues he fully answered all of Plaintiff's Interrogatories during his deposition on March 24, 2015. (Response at 1; Motion at 6).

Second, Plaintiff contests Mr. Nuyen's responses to Plaintiff's Requests. (Motion 1, 5-6). Plaintiff argues Mr. Nuyen failed to provide written responses to Plaintiff's Requests and failed to timely object to Plaintiff's Requests, thus waiving his right to object. (*Id.* at 1, 5). Plaintiff also asserts that Mr. Nuyen's document production is incomplete because he did not produce documents until his deposition on March 24, 2015 and then he failed to produce the additional documents he promised at his deposition that he would provide. (*Id.* at 6). Accordingly, Plaintiff requests that the Court compel Mr. Nuyen to respond to Plaintiff's Requests and produce all

---

[2] Pursuant to the Court's June 22, 2015 Minute Entry, Plaintiff filed a Motion for Attorney Fees [18]. Defendant has the opportunity to respond. The Court will issue a ruling accordingly. (June 22, 2015 Minute Entry).

responsive documents. (*Id.* at 1, 6). Mr. Nuyen produced payment records with his Response on June 1, 2015 (Response at 1, 4-5). In his Response, Mr. Nuyen indicated that he has "no further documents to be produced," despite identifying "nearly unreadable work sheets" that had not yet been produced. (*Id.* at 1; Reply at 1). At the hearing, Mr. Nuyen's counsel represented that the worksheets had been produced and the document production was complete with the exception of a Service Agreement, which Mr. Nuyen was attempting to locate.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided incomplete responses. A response that is evasive or incomplete "must be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(4). The movant "bears the initial burden of proving that the information sought is relevant." *Alexander v. FBI*, 186 F.R.D. 154, 159 (D.D.C. 1999). Trial courts have considerable discretion when handling discovery matters. *See Food Lion, Inc. v. United Food & Commercial Workers Int'l. Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)) ("[A] district court's decision to permit or deny discovery is reviewable only for an abuse of discretion."). If a motion to compel is granted, the court will order the responding party to pay the moving party reasonable expenses incurred in bringing the motion, including reasonable attorney's fees, barring a few exceptions. *See* Fed. R. Civ. P. 37(a)(5)(A). If the motion is partially granted, the court may order the responding party to pay the moving party reasonable expenses for the motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

### A.   Scope of Discovery

The scope of discovery in civil actions is broad and allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The

term "relevant" is interpreted broadly. *See Alexander v. FBI*, 194 F.R.D. 316, 325 (D.D.C. 2000) (citing *Alexander*, 186 F.R.D. at 18). A showing of relevance is a showing of need. *See Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (citing Fed. R. Civ. P. 26(b)(1)). A party "is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Id.* Relevant information does not need to be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1). Discovery of relevant materials includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also McPeek v. Ashcroft*, 212 F.R.D. 33, 34 (D.D.C. 2003) (whether information is relevant is "a function of the relationship of the data to the . . . central accusations of [the] lawsuit."); 8 Fed. Prac. & Proc. Civ. § 2008, 105-06 (3d ed.) ("No one would suggest that discovery should be allowed of information that has no conceivable bearing on the case."). After relevance is established, the responding party has the burden of proving the discovery should not be permitted. *See Alexander*, 194 F.R.D. at 325 (citation omitted). Once a relevancy objection has been made, the party seeking discovery has to demonstrate that the information sought to be compelled is discoverable. *Id.*

Pursuant to Fed. R. Civ. P. 26(b)(2)(C), the court may limit discovery on motion or its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues." *Tooley v. Napolitano*, 556 F.3d 836, 841 (D.C. Cir. 2009); *see also Hammerman v. Peacock*, 108 F.R.D. 66, 67 (D.D.C. 1985) (Rule 26(b)(1) was amended

to give the court the power, *sua sponte*, to limit discovery); *Smith v. Café Asia*, 246 F.R.D. 19, 21-22 (D.D.C. 2007) (the trial court balances competing concerns when determining discovery matters).

### B.  Interrogatories

Parties are required to answer interrogatories separately and fully in writing under oath or state the reasons for their objections and answer to the extent the question is not objectionable. *See* Fed. R. Civ. P. 33(b). Answers to interrogatories must be "true, explicit, responsive, complete, and candid." *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C. 2009) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)). "[A]n evasive or incomplete answer is to be treated as a failure to disclose, answer, or respond." *Doe v. D.C.*, 231 F.R.D. 27, 31 (D.D.C. 2005) (internal quotations omitted); *accord* Fed. R. Civ. P. 37(a)(4). Failing to respond to interrogatories is sanctionable. *See* Fed. R. Civ. P. 37(d). Once a party responds to an interrogatory, it must correct or supplement its response pursuant to a court order or "if the party learns that in some material respect" the response is incorrect or incomplete. Fed. R. Civ. P. 26(e)(1)(A), (B); *see also Norden v. Samper*, 544 F. Supp. 2d 43, 49 (D.D.C. 2008) (noting a party's duty to supplement discovery).

### C.  Requests for Production of Documents

Document requests are governed by Fed. R. Civ. P. 34. Any party may serve on any other party a request to produce "any designated documents or electronically stored information stored in any medium from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody, or control of the party upon whom the request was served." *Thong v. Andre Chreky Salon*, 247 F.R.D. 193, 195 (D.D.C. 2008) (citing Fed. R. Civ. P. 34(a)(1)(A)). In addition to producing responsive nonprivileged documents as they are kept in the usual course of

business, the responding party must also respond in writing. *See* Fed. R. Civ. P. 34(b)(2)(A), (E); *see also* Fed. R. Civ. P. 26(b)(5). Once a party responds to a request for production of documents, it must correct or supplement its response pursuant to a court order or "if the party learns that in some material respect" the response is incorrect or incomplete. Fed. R. Civ. P. 26(e)(1)(A), (B).

## III.   ANALYSIS

As a preliminary matter, the Court notes that the Motion does not technically comply with Fed. R. Civ. P. 37 or the Local Rules of the United States District Court for the District of Columbia. Pursuant to Fed. R. Civ. P. 37(a)(1), a motion for an order compelling disclosure or discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Similarly, Local Civil Rule 7(m) sets forth a "duty to confer" with opposing counsel in a good-faith effort when a party anticipates filing a nondispositive motion to determine whether there is opposition and whether the scope can be narrowed. Courts have held that conferring with the opposing party is a prerequisite to any successful motion to compel. *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529-30 (D.D.C. 2006) (denying motion to compel for failure to meet and confer prior to filing).

Here, the Motion does not include this certification, nor does it attach examples of good faith conferences, or attempts thereof, with opposing counsel. At the hearing, Plaintiff's counsel explained that he had sent Mr. Nuyen a good faith letter and called multiple times.[3] The Court ordered Plaintiff to file this correspondence and he subsequently did on June 30, 2015. (June 23, 2015 Minute Order; Good Faith Letter). The Court finds Plaintiff's April 22, 2015 Good Faith Letter a sufficient good faith effort to confer in accordance with Fed. R. Civ. P. 37(a)(1). The

---

[3] Plaintiff's good faith letter does not explain any additional efforts to resolve the instant discovery disputes. (Motion for Attorney Fees to Obtain Discovery Order, Ex. 3 ("Good Faith Letter") [18-4]).

correspondence raises the issues in the instant Motion. First, it identifies and explains the deficiencies in the Answer to Plaintiff's Interrogatories. Second, it notifies Mr. Nuyen that Plaintiff never received Mr. Nuyen's written answers to Plaintiff's Requests. The correspondence also notifies Mr. Nuyen that Plaintiff will file a motion with the Court if Mr. Nuyen fails to resolve these discovery issues. Thus, the Court is satisfied that Plaintiff conferred in good faith with Mr. Nuyen to resolve this discovery dispute prior to filing the Motion. Dismissing the Motion on grounds that Plaintiff did not provide a certification would merely lengthen the litigation process and increase costs to the parties, instead of ensuring a "just, speedy, and inexpensive determination[.]" Fed. R. Civ. P. 1.

## A.  Mr. Nuyen's Responses to Plaintiff's Interrogatories are Insufficient

Plaintiff contends Mr. Nuyen "failed to provide sufficient responses" to Plaintiff's Interrogatories because Mr. Nuyen's responses were incomplete and not verified with his signature. (Motion at 1-2). Mr. Nuyen asserts that he provided the requested information during his deposition. (Response at 1). The Court finds that Mr. Nuyen's responses are inadequate and Mr. Nuyen waived his right to raise objections to Plaintiff's Interrogatories. Additionally, the Court finds that Mr. Nuyen failed to comply with fundamental requirements set forth in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Columbia because he failed to verify his responses and fully quote Plaintiff's Interrogatories in his responses.

### 1.  Mr. Nuyen's testimony at his deposition does not relieve him of his duty to fully respond to Plaintiff's Interrogatories.

Plaintiff argues Mr. Nuyen's interrogatory responses are incomplete. (Motion at 1-5). Mr. Nuyen asserted that he had "fully answered all interrogatories that may have been deferred" during his deposition. (Response at 1). A "litigant has the right to select his or her weapon of choice in

discovery, whether it is a deposition or an interrogatory[.]" *Barnes v. D.C.*, 283 F.R.D. 8, 12 (D.D.C. 2012) (citing 8B Fed. Prac. & Proc. § 2163 (3d ed.)). Once a party receives interrogatories, he must fully respond or object as appropriate. *See* Fed. R. Civ. P. 33(b). Responses to interrogatories "are just the beginning of discovery[.]" *Williams v. Johanns*, 235 F.R.D. 116, 118 (D.D.C. 2006). Parties are entitled to receive interrogatory responses and documents "in order to thoroughly conduct subsequent discovery[.]" *Id*. Here, Plaintiff chose to request information through interrogatories and thus he was entitled to receive complete responses to his interrogatories to assist him in taking depositions. Because of Mr. Nuyen's inadequate responses, Plaintiff had to attempt to obtain the information he sought through the deposition of Mr. Nuyen approximately two months after the interrogatory responses were due. *See supra* at 3. Therefore, the Court finds that the information conveyed at Mr. Nuyen's deposition does not excuse him of his duty to fully respond to Plaintiff's Interrogatories.

### 2. Mr. Nuyen waived his right to raise objections to Plaintiff's Interrogatories.

Plaintiff contends Mr. Nuyen waived his right to object to Plaintiff's Interrogatories because he failed to timely make objections. (Motion at 1). Mr. Nuyen does not dispute this. (Response). Pursuant to Fed. R. Civ. P. 33(b)(2), "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." If a ground for objecting to an interrogatory is not timely stated, the objection is waived. *See* Fed. R. Civ. P. 33(b)(4). More than thirty days have passed since Plaintiff propounded his interrogatories and Mr. Nuyen has not made any objections.[4] (Plaintiff's Interrogatories; Answer to Plaintiff's Interrogatories). Because the parties did not stipulate to a longer or shorter time period under Fed. R. Civ. P. 29(b), and this Court did not order an enlargement of the time period, the Court finds

---

[4] It is unclear whether Mr. Nuyen's responses were untimely because Plaintiff did not specify and Mr. Nuyen's answer was undated. (Motion at 1; Answer to Plaintiff's Interrogatories).

that Mr. Nuyen waived his right to object to Plaintiff's Interrogatories. *Accord* Fed. R. Civ. P. 33(b)(2).

### 3.  Mr. Nuyen's interrogatory responses are inadequate.

Plaintiff contends Mr. Nuyen "failed to provide sufficient responses" to Interrogatory Nos. 2, 3, 4, 9, 10, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22. (Motion at 1-5). When a party seeks an order compelling responses because a party has provided incomplete responses, it is the moving party's burden to show the responses are incomplete. *See Guantanamera Cigar Co. v. Corp. Habanos, S.A.*, 263 F.R.D. 1, 7 (D.D.C. 2009). Pursuant to Rule 33(b)(3), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Responses must be "true, explicit, responsive, complete, and candid[.]" *Barnes*, 283 F.R.D. at 10 (quoting *Equal Rights Ctr.*, 246 F.R.D. at 32); *see also Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) ("The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.") (citing *N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Div., Forge Div.*, 410 F.2d 953 (6th Cir. 1969)); Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 26(a), 146 F.R.D. 401, 690 (1993) ("Interrogatories . . . should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request"). Any relevant information that is available should be given, even if the responding party cannot provide a complete response to an interrogatory. *See* 8A Fed. Prac. & Proc. § 2177 (3d ed.).

The Court finds that Mr. Nuyen provided Plaintiff with little to no substantive information in response to Plaintiff's Interrogatories. At the hearing, Mr. Nuyen's counsel represented that he gave the interrogatories to Mr. Nuyen; Mr. Nuyen provided answers; and the answers were submitted to Plaintiff. Information is not hidden in civil litigation. In crafting discovery responses,

the responding party, with the assistance of counsel, must ensure he is answering the questions asked. Mr. Nuyen's counsel should have explained to his client what the interrogatories were asking and assisted in drafting complete responses based on the knowledge and information Mr. Nuyen possessed. Instead, Plaintiff received incomplete and non-responsive answers, and no answer to one interrogatory. There is no reason why it should take Plaintiff six months to receive complete answers to his interrogatories. This has unnecessarily delayed litigation of this matter, incurred expenses and wasted judicial resources. Accordingly, Mr. Nuyen is ordered to fully respond to Plaintiff's Interrogatories as follows.

<u>Interrogatory No. 2</u>

This interrogatory asks that Mr. Nuyen identify individuals with discoverable information supporting his positions in this case and to "state in detail the information possessed by each person identified." (Plaintiff's Interrogatories at 11). Mr. Nuyen responded, "David Nuyen with Service Agreement and Sung Dang with records of payments to contractors." (Answer to Plaintiff's Interrogatories at 1). Plaintiff contends Mr. Nuyen failed to (1) properly identify people and (2) state the information in detail. (Motion at 2). First, Plaintiff clearly defined "identify" in the "Definitions" section of his interrogatories, specifying when an interrogatory uses the word "identify" to refer to a person, it means to provide the "person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation[.]" (Plaintiff's Interrogatories at 9). However, Mr. Nuyen only provided full names in response to Interrogatory No. 2. (Answer to Plaintiff's Interrogatories at 1). Thus, Mr. Nuyen did not fully identify the individuals. Second, Mr. Nuyen stated only the subjects of information, "Service Agreement" and "records of payments to contractors" without providing details. (*Id.*). Accordingly, the Court finds Mr. Nuyen's responses to Interrogatory No. 2 are incomplete.

At the hearing, Plaintiff's counsel represented he is satisfied with the information he has regarding Mr. Nuyen, but he has not been able to subpoena Mr. Dang because Mr. Nuyen has not complied with the definitions set forth in Plaintiff's Interrogatories and provided Mr. Dang's contact information.[5,6] Plaintiff's counsel also represented that the worksheets Mr. Nuyen produced contain partial names of individuals who could have discoverable information as to payment information and employment status, but they were not identified in Mr. Nuyen's responses. Therefore, Mr. Nuyen is ordered to amend his answer to Interrogatory No. 2 to (1) provide Sung Dang's last known address and home and business telephone numbers and (2) fully identify the individuals whose names are partially stated in the worksheets pursuant to the definition of "identify" in Plaintiff's Interrogatories.

<u>Interrogatory No. 3</u>

This interrogatory asks Mr. Nuyen to identify expert witnesses expected to testify at trial, state the subject matter, substance of the findings and opinions and a summary of the grounds for each opinion on which the expert is expected to testify. (Plaintiff's Interrogatories at 11-12).[7] Mr. Nuyen responded, "Same answer as in Interrogatory number 2." (Answer to Plaintiff's Interrogatories at 1). This interrogatory was asking for expert information in January, yet Mr. Nuyen was not required to provide Fed. R. Civ. P. 26(a)(2) expert disclosures until April 30, 2015. (Scheduling Order [10] at 1). Although Mr. Nuyen was not required to disclose the information requested in Interrogatory No. 3, he chose to respond. (Answer to Plaintiff's Interrogatories at 1). At the hearing, Mr. Nuyen's counsel represented that this answer was a mistake and he would not

---

[5] Mr. Dang's present occupation and business affiliation are conveyed in his declaration. (Decl. of Sung Dang at 3).
[6] This noncompliance does not appear to be intentional or malicious, but negligent. At the hearing, Mr. Nuyen's counsel repeatedly stated he would have provided Mr. Dang's contact information if Plaintiff's counsel had called. Plaintiff's Good Faith Letter does not indicate any other attempts to confer with Mr. Nuyen.
[7] The Court notes that Interrogatory No. 3 says, "state," not "state in detail" as Plaintiff argues in the Motion. (Plaintiff's Interrogatories at 11; Motion at 2).

call experts at trial.[8] Mr. Nuyen is ordered to amend his answer to Interrogatory No. 3 and state that he will not have expert witnesses testify at trial.

Interrogatory No. 4

This interrogatory asks Mr. Nuyen to describe "documents, statements, and other tangible things" that he intends to rely on "by category and location" and then to "identify all persons having possession, custody, or control of them." (Plaintiff's Interrogatories at 12). Mr. Nuyen responded "Same as Answer Number 1." (Answer to Plaintiff's Interrogatories at 1). Mr. Nuyen's response to Interrogatory No. 1 was, "Sung Dang who will provide Service Agreement between David Nuyen and Jose Escamilla."[9] (Answer to Plaintiff's Interrogatories at 1). Plaintiff contests Mr. Nuyen's answer was not responsive because he did not properly identify the persons or provide descriptions. (Motion at 3). It is rare that responding to an interrogatory with a reference to another interrogatory is appropriate. *See Monroe v. Ridley*, 135 F.R.D. 1, 3 (D.D.C. 1990). "[A] party 'cannot answer one interrogatory simply by referring . . . to another equally unresponsive answer.'" *Id.* (quoting *Martin v. Easton Publishing Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980)). Here, the response referenced is inadequate. First, the identification is incomplete because Mr. Nuyen only gave full names. *See supra* at 11. Second, Mr. Nuyen named a document but failed to describe it "by category and location[.]" (Answer to Plaintiff's Interrogatories at 1).

At the hearing, Mr. Nuyen's counsel indicated the description of the documents was irrelevant because all responsive documents have been produced with the exception of the Service Agreement, which his client was attempting to locate. Plaintiff's counsel expressed concern that Mr. Nuyen's wife is in custody of responsive documents (Response at 1), but she was not identified

---

[8] This confusion demonstrates why it is important for counsel to assist their clients in understanding and properly answering interrogatories.

[9] At the hearing, Mr. Nuyen's counsel represented the Service Agreement was between Mr. Nuyen and Mr. Dang.

in response to Interrogatory No. 4. Mr. Nuyen's counsel represented that Mr. Nuyen's wife did not become involved in the matter until after the interrogatory answers were submitted. Pursuant to Fed. R. Civ. P. 26(e), a party must supplement or correct its interrogatory response "in a timely manner if the party learns that in some material respect . . . [the] response is incomplete or incorrect[.]" Here, Mr. Nuyen had a duty to amend his answer once his wife became involved with his business. Therefore, Mr. Nuyen is ordered to fully identify, pursuant to the definition of "identify" set forth in Plaintiff's Interrogatories, all persons who possess, control or have custody over documents that Mr. Nuyen intends to rely on. Mr. Nuyen is also ordered to continue his search for the Service Agreement in an expeditious and thorough manner, and accordingly produce the Service Agreement if, and when, he finds it.

<u>Interrogatory No. 9</u>

This interrogatory asks that Mr. Nuyen identify individuals "who supervised and/or directed Plaintiff" and to include "dates, times, and business locations of such supervision and/or direction and state the job title for each such person." (Plaintiff's Interrogatories at 13). Mr. Nuyen merely responded with the name of one person, "Sung Dang." (Answer to Plaintiff's Interrogatories at 2). Plaintiff contests this response is incomplete. (Motion at 3). The Court finds this response is inadequate. First, Mr. Nuyen failed to fully identify Mr. Dang because he merely stated the individual's name. *See supra* at 11. Second, Mr. Nuyen failed to include the "dates, times, and business locations of such supervision and/or direction and state the job title for each such person." (Plaintiff's Interrogatories at 13; Answer to Plaintiff's Interrogatories at 2). At the hearing, Mr. Nuyen's counsel represented that Mr. Dang was Plaintiff's only supervisor.[10] Mr. Dang's declaration conveys his present occupation and business affiliation, and states that Plaintiff

---

[10] Plaintiff's counsel represented at the hearing that Mr. Nuyen testified during his deposition that he supervised and paid Plaintiff.

was "in and out of [Mr. Dang's] contracting works relating to carpentry and painting from year 2008 to year 2013." (Decl. of Sung Dang at 3). Thus, Mr. Nuyen is ordered to amend his answer to Interrogatory No. 10 and (1) provide Mr. Dang's last known address and home and business telephone numbers so that he has been properly identified pursuant to definition of "identify" set forth in Plaintiff's Interrogatories, *see supra* at 11, and (2) expand on the dates and jobs Plaintiff worked. To the extent that Mr. Nuyen does not recall the dates and jobs Plaintiff worked, he should clearly state he does not recall this information.

<u>Interrogatory No. 10</u>

This interrogatory asks,

> Do you contend that you do not owe Plaintiff wages or money as alleged in the Complaint? If yes, state all reasons why you so contend (including any exemptions claimed), state all facts upon which you rely to support this contention, identify all persons with personal knowledge of any facts that support your contention, and identify all documents and statements which relate thereto.

(Plaintiff's Interrogatories at 13). Mr. Nuyen responded, "David Nuyen did not hire any person to work directly for him." (Answer to Plaintiff's Interrogatories at 2). Plaintiff argues this is not responsive. (Motion at 3). Contention interrogatories, such as this one, "that ask a party what it contends or to state all the facts upon which it bases a contention are perfectly legitimate." *In re Rail Freight Fuel Surcharge Antitrust Litig.* 281 F.R.D. 1, 4 (D.D.C. 2011) (quoting *Barnes v. D.C.*, 270 F.R.D. 21, 24 (D.D.C. 2010)). They "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Advisory Committee Note to 1970 Amendment to Fed. R. Civ. P. 33(b). Here, the contention interrogatory set forth a yes or no question for Plaintiff to sharpen the main issue of this litigation. The answer should be clearly stated so that Plaintiff does not have to infer whether Mr. Nuyen's response is a yes or no. Thus, the Court finds that Mr. Nuyen's response is inadequate. At the hearing, Mr. Nuyen's counsel represented that the

answer to this interrogatory is yes. Therefore, Mr. Nuyen is ordered to amend his answer to Interrogatory No. 10 to yes, and provide a brief explanation as to why this is his contention.

### Interrogatory No. 12

This interrogatory asks that Mr. Nuyen "[i]dentify all persons responsible for human resources, payroll, and bookkeeping functions" while Plaintiff worked for Mr. Nuyen. (Plaintiff's Interrogatories at 14). Mr. Nuyen responded, "Sung Dang." (Answer to Plaintiff's Interrogatories at 2). Plaintiff contends Mr. Nuyen did not properly identify Mr. Dang. (Motion at 3). The Court finds that Mr. Nuyen's response is incomplete. At the hearing, Mr. Nuyen's counsel represented that Mr. Dang is the only individual responsible for the duties identified in Interrogatory No. 12 and Plaintiff's counsel indicated he was satisfied with this answer. Therefore, Mr. Nuyen does not need to amend his answer to Interrogatory No. 12.

### Interrogatory No. 13

This interrogatory asks that Mr. Nuyen describe how he tracked the hours Plaintiff worked each week. (Plaintiff's Interrogatories at 14). Mr. Nuyen failed to provide a response. (Answer to Plaintiff's Interrogatories at 2-3). Plaintiff asserts Mr. Nuyen must provide a complete response. (Motion at 4). Pursuant to Fed. Rule Civ. P. 33(b)(3), a party is required to provide a fully written answer to an interrogatory. To the extent a party cannot provide a complete answer, the party must provide any relevant available information. *See* 8A Fed. Prac. & Proc. § 2177 (3d ed.). At the hearing, Mr. Nuyen's counsel indicated that Mr. Nuyen would not know how Plaintiff's hours of work were tracked but that Mr. Dang would know. Plaintiff's counsel indicated that he would follow up with Mr. Dang once he received his contact information from Mr. Nuyen. Therefore, Mr. Nuyen is ordered to provide a complete response to Interrogatory No. 13 to indicate that Mr.

Nuyen was not personally responsible for tracking Plaintiff's hours but Mr. Dang would have this information.

Interrogatory No. 15

This interrogatory asks whether Mr. Nuyen contends Plaintiff is exempt from the FLSA or a District of Columbia overtime compensation requirement and if so, to explain his answer with a "full factual basis." (Plaintiff's Interrogatories at 14). Mr. Nuyen responded, "None." (Answer to Plaintiff's Interrogatories at 3). Plaintiff argues this is not responsive. (Motion at 4). At the hearing, Mr. Nuyen's counsel explained that Mr. Nuyen's response is none of the above. The Court finds Mr. Nuyen's response is legitimate because Interrogatory No. 15 is a legal question and Mr. Nuyen does not know the response. Pursuant to Fed. R. Civ. P. 33(a)(2), an interrogatory may "as[k] for an opinion or contention that relates to fact or the application of law to fact[.]" This rule does not permit discovery requesting a party to express its legal position. *See Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989). Because Interrogatory No. 15 calls for a legal conclusion, Mr. Nuyen does not have to amend his response.

Interrogatory No. 16

This interrogatory asks whether Mr. Nuyen contends Plaintiff was an independent contractor and if so, to "provide a full factual basis for this contention." (Plaintiff's Interrogatories at 14). Mr. Nuyen responded, "Yes, Plaintiff had been an independent contractor." (Answer to Plaintiff's Interrogatories at 3). Plaintiff argues Mr. Nuyen's response was not responsive. (Motion at 4). Although Mr. Nuyen answered a yes or no question properly, he did not respond to the second part of this interrogatory. (Answer to Plaintiff's Interrogatories at 3). Mr. Nuyen is ordered to provide a general synopsis as to why he contends Plaintiff was an independent contractor.

<u>Interrogatory Nos. 17 and 18</u>

These interrogatories ask whether Mr. Nuyen contends the allegations in Paragraphs 23[11] and 24,[12] respectively, of the Complaint are not correct and if so, to "provide a full factual basis[.]" (Plaintiff's Interrogatories at 14). Mr. Nuyen responded to both interrogatories, "Not clear question. Not applicable." (Answer to Plaintiff's Interrogatories at 3). Plaintiff argues these answers are not responsive. (Motion at 4). At the hearing, Mr. Nuyen's counsel represented that Mr. Nuyen's response of "not applicable" indicated that the interrogatories were not applicable because Plaintiff was an independent worker. Mr. Nuyen's counsel also argued that these paragraphs of the complaint were denied in Mr. Nuyen's Answer. (Answer at 3). Thus, Mr. Nuyen need not amend his responses to Interrogatory Nos. 17 and 18.

<u>Interrogatory Nos. 19, 20, and 21</u>

These interrogatories ask whether Mr. Nuyen contends the allegations in Paragraphs 25,[13] 26,[14] and 27,[15] respectively, of the Complaint, are not correct and if so, to "provide a full factual basis[.]" (Plaintiff's Interrogatories at 14-15). Mr. Nuyen responded to each interrogatory, "None." (Answer to Plaintiff's Interrogatories at 3). Plaintiff argues these answers are not responsive. (Motion at 5). At the hearing, Mr. Nuyen's counsel indicated that these paragraphs of the complaint were denied in Mr. Nuyen's Answer. (Answer at 3). Mr. Nuyen need not amend his responses to Interrogatory Nos. 19, 20 or 21.

---

[11] Paragraph 23 of the Complaint alleges that Defendants did not make available or visible information regarding the overtime compensation requirement. (Compl. 5).

[12] Paragraph 24 of the Complaint alleges that Defendants did not make available or visible information regarding enforcement remedies for employees when their employers fail to pay them properly. (Compl. 5).

[13] Paragraph 25 of the Complaint alleges that Defendants did not make available or visible information that the employer is prohibited from retaliating against, discriminating against or discharging workers who are involved in a proceeding to recover underpaid or unpaid wages. (Compl. 5).

[14] Paragraph 26 of the Complaint alleges that Defendants explicitly advised Plaintiff that he was not entitled to be paid for overtime hours at the overtime pay rate. (Compl. 5-6).

[15] Paragraph 27 of the Complaint alleges that "it is proper to toll Plaintiff's Federal and District of Columbia overtime claims to include the entirety of each [sic] Plaintiff's employment with Defendants[.]" (Compl. 6).

<u>Interrogatory No. 22</u>

This interrogatory asks that Mr. Nuyen "provide a full factual basis for each Affirmative Defense" that Mr. Nuyen raised in his Answer." (Plaintiff's Interrogatories at 15). Mr. Nuyen responded, "N/A." (Answer to Plaintiff's Interrogatories at 3). Plaintiff argues this is not responsive. (Motion at 5). The Court finds Mr. Nuyen's response is inadequate. This interrogatory is applicable because Mr. Nuyen raised eight affirmative defenses in his Answer. (Answer at 5-6). Mr. Nuyen may not assert his affirmative defenses without providing a complete response to Interrogatory No. 22. Therefore, Mr. Nuyen is ordered to amend his response to Interrogatory No. 22 and provide a summary of his factual basis for each of the eight affirmative defenses asserted in his Answer.

### 4. Mr. Nuyen's interrogatory responses are not properly verified.

Plaintiff contends Mr. Nuyen's Answers to Plaintiff's Interrogatories are not signed as required by the Federal Rules of Civil Procedure. (Motion at 2, 5). Pursuant to Fed. R. Civ. P. 33(b)(5), "[t]he person who makes the answers [to the interrogatories] must sign them, and the attorney who objects must sign any objections." The Court orders Mr. Nuyen to clarify whether he provided information used to answer the interrogatories, because he is not identified as doing so in response to Interrogatory No. 1. (Answer to Plaintiff's Interrogatories at 1). If Mr. Nuyen helped to prepare answers, he is ordered to sign his amended answers under oath pursuant to Fed. R. Civ. P. 33(b)(5), and Mr. Nuyen's response to Interrogatory No. 1 must be amended to include Mr. Nuyen.

### 5. Mr. Nuyen failed to fully quote Plaintiff's Interrogatories in his responses.

Mr. Nuyen's interrogatory responses fail to comply with the Local Rules of the United States District Court for the District of Columbia. Pursuant to Local Civil Rule 30.4, "[a]nswers,

responses and objections to interrogatories . . . shall identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto." Mr. Nuyen's responses do not fully quote each interrogatory and even fail to provide a summary of Interrogatory No. 22. (Answer to Plaintiff's Interrogatories). Therefore, the Court finds that Mr. Nuyen's responses violate Local Civil Rule 30.4. Mr. Nuyen is ordered to comply with Local Civil Rule 30.4 when he composes his amended interrogatory responses pursuant to this Memorandum Opinion.

### B. Requests for Production of Documents

Plaintiff served Mr. Nuyen with eighteen requests for production of documents. (Plaintiff's Requests). Plaintiff argues Mr. Nuyen failed to submit written answers to Plaintiff's Requests and produce all responsive documents. (Motion at 5-6). The Court finds Mr. Nuyen's responses to Plaintiff's Requests are inadequate.

### 1. Mr. Nuyen must submit full written responses to Plaintiff's Requests.

Plaintiff contends Mr. Nuyen has not provided written responses. (Motion at 5; Reply at 2). Mr. Nuyen did not dispute this in his Response and his counsel at the hearing represented he thought he had submitted written responses. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served." More than thirty days have passed since Plaintiff propounded the requests on January 2, 2015 and Mr. Nuyen has not provided written responses or objections to Plaintiff's Requests. (Plaintiff's Requests; Motion at 5; Reply at 2). Because the parties did not stipulate to a longer or shorter time period under Fed. R. Civ. P. 29(b) and this Court did not order an enlargement of the time period, the Court finds that Mr. Nuyen failed to comply with Fed. R. Civ. P. 34(b)(2)(A) by failing to respond to Plaintiff's Requests. Additionally, the Court finds that Mr. Nuyen waived his right to

object to Plaintiff's Requests. Therefore, Mr. Nuyen is ordered to submit full and complete written responses to Plaintiff's Requests indicating for each response whether a document has been produced in response or if no such document exists. If Mr. Nuyen has withheld production of responsive documents on the basis that they are privileged, he should assert the privilege in his responses. The Court reminds Mr. Nuyen to "quote each . . . request in full immediately preceding the answer" in compliance with Local Civil Rule 30.4.

### 2. Mr. Nuyen must produce all responsive documents to Plaintiff's Requests.

Plaintiff argued in his Motion that Mr. Nuyen failed to produce additional documents that he promised to produce at his deposition on March 24, 2015. (Motion at 5-6). Mr. Nuyen responded by producing payment records and asserting "there are no further documents to be produced." (Response at 1, 4-5). Plaintiff replied that Mr. Nuyen "create[d] further questions by referencing 'worksheets' he failed to produce." (Reply at 1). At the hearing, the parties represented that the worksheets had been produced and the production was complete except for the missing Service Agreement referenced in Mr. Nuyen's answer to Interrogatory No. 1. (Answer to Plaintiff's Interrogatories at 1). Mr. Nuyen is attempting to locate this document.

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" If a party withholds a document on the basis of privilege, it must describe the nature of the withheld document so that the other party can assess the claim of privilege. *See* Fed. R. Civ. P. 26(b)(5). Here, Mr. Nuyen has produced some, but not all, responsive documents. If any documents responsive to discovery requests are not produced during discovery, they will not be admitted into evidence at trial. Therefore, Mr. Nuyen is ordered to continue searching for the Service Agreement and when Mr. Nuyen finds the Service Agreement, he is ordered to produce it as is. Plaintiff is responsible for

obtaining a translation of the document. In the event that Mr. Nuyen has withheld responsive documents on the assertion that they are privileged, Mr. Nuyen is ordered to produce a privilege log expressly claiming privilege and describing the nature of the documents pursuant to Fed. R. Civ. P. 26(b)(5).

### 3.  Mr. Nuyen must provide an affidavit affirming his production is complete.

Ultimately, Mr. Nuyen's counsel has represented that all responsive documents have been produced, with the exception of the Service Agreement. Mr. Nuyen is ordered to provide an affidavit under oath affirming that he has produced all relevant documents relating to Plaintiff's Requests, with the exception of the Service Agreement.

### C. Attorney's Fees and Costs

Plaintiff requests an award of attorney's fees incurred in preparing the Motion. (Motion at 6). Attorney's fees and costs incurred for preparing a motion to compel are governed by Fed. R. Civ. P. 37(a)(5). Because Plaintiff's Motion to Compel will be granted in part and denied in part, the Court may award Plaintiff expenses reasonably incurred in making the Motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(C). Plaintiff submitted a Motion for Attorney's Fees on June 30, 2015. Mr. Nuyen has the opportunity to respond to the Motion and this Court will then rule on that Motion.

### IV.    CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Plaintiff's Motion and Memorandum to Compel Discovery [15]. An Order consistent with this Memorandum Opinion will be issued separately.


Date: July 14, 2015                                                     /s/
                                                          _____
                                                          ALAN KAY
                                                          UNITED STATES MAGISTRATE JUDGE